IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DALE LEROYCE SADLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09cv689 |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits and supplemental security income under Title II of the Social Security Act ("Act").

## I. PROCEDURAL BACKGROUND

On April 5, 2005, Dale Leroyce Sadler ("Mr. Sadler") applied for disability insurance benefits under the Act. (Exhibit 1 to Declaration of Donald Ortiz ["Ortiz Decl."] attached to Brief in Support of Defendant's Motion to Dismiss at 4.) The Commissioner denied Mr. Sadler's application for benefits at the initial and reconsideration levels of administrative review. (Exhibit 1 to Ortiz Decl. at 4.) In response, Mr. Sadler filed a request for a hearing by an administrative law judge ("ALJ") of the Social Security Administration.

Upon Mr. Sadler's request, the ALJ held a hearing on the claims on June 7, 2007. (Exhibit 1 to Ortiz Decl. at 4.) On July 26, 2007, the ALJ found Mr. Sadler ineligible for

1

disability benefits because he was not suffering from a "disability" as defined by the Act. (Exhibit 1 to Ortiz Decl. at 4.) The Appeals Council denied Mr. Sadler's request for review on July 10, 2009, making the ALJ's decision the Commissioner's "final decision" subject to judicial review, pursuant to 42 U.S.C. § 405(g). (Exhibit 2 to Ortiz Decl. at 1.) In the letter advising Mr. Sadler of the Appeals Council's denial of his request for review, the Appeals Counsel advised Mr. Sadler that he had sixty days from the date of receipt of the letter (which would be presumed to be five days after the date shown on the letter) to file a complaint if he desired judicial review of the ALJ's decision. (Exhibit 2 to Ortiz Decl. at 2.) The letter also explained that if he could not file his complaint within sixty days, he could seek an extension of time to file the action. (Exhibit 2 to Ortiz Decl. at 2.)

Mr. Sadler did not seek an extension of time to file (Ortiz Decl. at ¶3(b)). Rather, he filed a new application for disability insurance benefits. (Attachment 1 to Pl.'s Reply Brief at 1.) Eventually, however, he did file this action seeking judicial review of the ALJ's original decision denying his claim for disability insurance benefits. But Mr. Sadler did not do so until October 28, 2009, approximately forty-five days after the sixty day filing limitation lapsed. (Docket Entry No. 1.) The Social Security Administration ("Defendant") moved to dismiss the complaint as untimely on January 13, 2010. (Docket Entry No. 1.) Mr. Sadler filed a response brief on January 20, 2010, arguing that his reapplication for insurance disability benefits had the legal effect of satisfying the requirement to file an action within sixty days of the ALJ's decision or, at the very least, the reapplication acted to toll the limitations period. (Pl.'s Reply Brief at 1; Docket No.

11.)  The Defendant having replied to the filing on January 27, 2010, the matter is ready for resolution.  (Docket No. 10.)

## II.  ANALYSIS

Under the judicial review provisions of the Act, a civil action or review of a "final decision" of the Commissioner must be instituted within sixty days after receipt of the Appeals Council's notice of denial of request for review, although the time period may be extended by the Appeals Council upon a showing of good cause. 42 U.S.C. § 402(g); see also 20 C.F.R. § 422.210(c); 20 C.F.R. § 404.981; 20 C.F.R. § 404.901 (defining "date you receive notice").

> More specifically, the judicial review provisions of the Act provide that:
>
> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405 (g), (h).

The only civil action permitted in regard to any claim arising under Title II and Title XVI of the Act is an action to review the "final decision of Commissioner made after a hearing," and such action must be "commenced within sixty days" after the mailing of notice of the Commissioner's final decision or within such time as the Commissioner may allow.  20 C.F.R. § 422.210(a), (c).  A claimant is presumed to have

3

received notice of the denial five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

The Appeals Council rejected Mr. Sadler's appeal on July 10, 2009, and Mr. Sadler presumably received notice of the rejection within five days of the decision. 20 C.F.R. § 422.210(c). The letter explained the process for initiating a civil action and for seeking additional time in which to do so for good cause. In fact, the letter included sections entitled "How to File a Civil Action" and "Time To File a Civil Action" that specifically delineated the appropriate process Mr. Sadler needed to undertake to obtain judicial review. (Exhibit 2 to Ortiz Decl. at 2.) Furthermore, the letter informed Mr. Sadler that "[i]f you do not ask for court review, the Administrative Law Judge's decision will be a final decision . . . ." (Exhibit 2 to Ortiz Decl. at 2.) Nothing in the letter suggested that reapplying for benefits is an appropriate method of initiating judicial review of an ALJ's decision.

In order to seek timely judicial review, Mr. Sadler needed to file this action by September 14, 2009. However, he filed the action on October 28, 2009. Furthermore, he never obtained a "good cause" extension for the limitation period.

The Fourth Circuit has stated that the sixty-day requirement is not jurisdictional and is subject to equitable tolling. Hyatt v. Heckler, 807 F.2d 376, 380 (4th Cir. 1986); see also Bowen v. City of New York, 476 U.S. 467, 481 (1986). However, equitable tolling must be justified by exceptional circumstances. Hyatt, 807 F.2d at 378. In Hyatt, for example, the court found that the equities warranted such tolling where the Secretary of Health and Human Services' "secretive and systematic" policy of not acquiescing with the law of the relevant circuit resulted in the denial of benefits for a class of claimants.

Id. at 380–81. The Fourth Circuit also made clear, however, that tolling of the period of limitation "will rarely be appropriate." Id. at 378.

Mr. Sadler's case does not present such exceptional circumstances as to require equitable tolling of the sixty-day period of limitation. Nothing in the letter he received suggested that reapplying for benefits would have been an appropriate course of action to initiate judicial review of the ALJ's adverse decision. In fact, the language of the letter is to the contrary. Specifically, it states: "You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live" and that "[y]ou have 60 days to file a civil action (ask for court review)." (Exhibit 2 to Ortiz Decl. at 2.) Given that the instructions were clear enough that a reasonable person in Mr. Sadler's position would not believe filing a new application for benefits would constitute "asking for court review," Mr. Sadler has failed to demonstrate "good cause" to equitably toll to the sixty day filing requirement. 29 C.F.R. § 422.210(c). Therefore, this Court recommends that the case be dismissed as being untimely filed as prohibited by 42 U.S.C. § 402(g).

## III. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's complaint (Docket No. 3) be DISMISSED; that Defendant's motion to dismiss (Docket No. 8) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Robert E. Payne and to all counsel of record.

5

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: _March 8, 2010_
Richmond, Virginia